# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-cv-213-RJC
# (3:07-cr-45-RJC-1)

| | |
|---|---|
| ANTHONY EUGENE BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion for Summary Judgment. (Doc. No. 7). Petitioner has been advised, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation in responding to the Government's Motion for Summary Judgment. (Doc. No. 8). Petitioner has filed responses, and this matter is ready for resolution. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed and Respondent's Motion for Summary Judgment will be granted.

I.  **BACKGROUND**

On May 16, 2008, Petitioner was convicted, following his guilty plea, of possession with intent to distribute marijuana, Ecstacy, cocaine and cocaine base, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, (Count One). (Case No. 3:07-cr-45, Doc. No. 14: Acceptance and Entry of Guilty Plea). Petitioner also pled guilty and was convicted of possession of a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1), (Count Two). (Id.). At

1

sentencing, the Court sentenced Petitioner as a career offender based on at least two serious, prior North Carolina drug convictions, (Id., Doc. No. 36: Presentence Report (PSR) at ¶ 23), to 195-months' imprisonment for conviction of Count One, and to 60 consecutive months for Count Two. (Id., Doc. No. 18: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal. Petitioner's counsel argued, however, that Petitioner's trial counsel was ineffective for failing to object to one of the prior drug convictions that was relied upon to support Petitioner's career offender enhancement. The court first noted that claims for ineffective assistance of counsel are generally not cognizable on direct appeal, absent conclusive evidence in the record. The court concluded that no such record evidence was present and found that Petitioner could file this claim by way of a § 2255 challenge. Petitioner filed a pro se supplemental brief raising various issues, which the court found were waived by pleading guilty. Thus, Petitioner's conviction and sentence were upheld. United States v. Boyd, 332 F. App'x 890 (4th Cir. 2009) (unpublished). Petitioner then filed a petition for a writ of certiorari with the Supreme Court of the United States which was denied. Boyd v. United States, 130 S. Ct. 476 (2009).

Petitioner next filed the present § 2255 motion contending that his trial counsel was ineffective (1) for failing to challenge a prior state court drug conviction which the Court relied upon to determine his status as a career offender; and (2) for failing to inform Petitioner of his right to testify at a suppression hearing, or that Petitioner was even entitled to file a suppression motion. Finally, Petitioner argues that his Plea Agreement with the Government is invalid because it contained the wrong case number and that his 60-month sentence, imposed for

2

conviction of § 924(c)(1), should run concurrently with his 195-month sentence, rather than consecutively.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Furthermore, summary judgment for the Government is appropriate when the pleadings and additional materials, viewed in the light most favorable to the petitioner, present no genuine issues of material fact that could lead a rational trier of fact to find that the petitioner is entitled to relief. See United States v. St. Germain, 76 F.3d 376, 1996 WL 43578, at *1 (4th Cir. Feb. 5, 1996) (unpublished) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) in applying standard for summary judgment in a § 2255 proceeding). Following a review of the entire record in the light most favorable to Petitioner, the Court finds that no genuine issue of material fact exists such that a rational trier of fact could determine that Petitioner is entitled to relief on any of his claims.

## III. DISCUSSION

The Government contends that Petitioner has procedurally defaulted claims that his plea agreement was invalid and that his sentence was imposed in violation of both the constitution and statutory law. (Doc. No. 6 at 9-10).

3

A. Plea Agreement

On August 6, 2007, Petitioner, by and through counsel, entered into a Plea Agreement with the Government wherein he agreed to plead guilty to Counts One and Two of his Indictment in exchange for the Government's agreement to dismiss Count Three. Petitioner specifically agreed to waive his right to challenge his conviction and sentence through an appeal or a collateral proceeding under § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Case No. 3:07-cr-45, Doc. No. 13: Plea Agreement ¶¶ 1-2, 20).

On August 10, 2007, Petitioner appeared with counsel before a magistrate judge for a Plea and Rule 11 hearing. After being placed under oath, Petitioner acknowledged that he understood the contents of the Plea Agreement and that he agreed with its terms. In his § 2255 motion, Petitioner now contends that his "plea agreement and all provisions are totally null and void" because the case number on his plea agreement differs from his actual case number. (Doc. No. 1-1: Memorandum at 3). While it is true that the Plea Agreement bears the wrong case number, Petitioner has not shown any prejudice from this mistake. Moreover, Petitioner waived his right to contest the validity of his Plea Agreement on this ground by failing to raise this issue on direct appeal and he has failed to demonstrate cause to excuse such procedural default.

The Plea Agreement was signed by Petitioner, and he attested to his agreement with its contents while under oath. There is no evidence that the Plea Agreement that was presented in open court during his Plea and Rule 11 hearing is not the same one that is filed in his criminal case, complete with Petitioner's signature and the signatures of his counsel and the counsel for the Government. Thus, even excepting procedural default, the argument regarding the invalidity of his Plea Agreement is without merit.

B. Section 924(c) Sentence

Petitioner was sentenced to a term of 60 consecutive months for his 18 U.S.C. § 924(c)(1) violation. (Case No. 3:07-cr-45, Doc. No. 18: Judgment at 1-2). Petitioner contends that this sentence violates the statute because it should have been ordered to run concurrently. The Court finds that this argument is procedurally barred by Petitioner's express waiver of an attack on his sentence in his Plea Agreement. Additionally, the Court finds that this argument is foreclosed by Supreme Court precedent. In Abbott v. United States, 131 S. Ct. 18 (2010), the Court expressly found that Section 924(c) offenses were meant to carry a mandatory, consecutive term of imprisonment when committed in connection with a specific predicate crime, such as the serious drug offense in this case. Thus, Petitioner's argument is procedurally barred and is without merit.

C. Sixth Amendment Violation

Petitioner argues that his trial counsel was ineffective for failing to challenge a prior state drug offense which supported a career offender sentencing enhancement; in failing to inform him of his ability to challenge the search of his home at a suppression hearing; and in failing to inform him of his right to testify at such a hearing. (Doc. No. 1-1: Memorandum at 3-8).

In order to establish a claim for ineffective assistance of counsel, the burden is on the petitioner to demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there exists a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. A petitioner raising this claim of ineffective assistance bears a "heavy burden" to overcome this presumption. See Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations are insufficient to overcome the presumption of competency.

Id. Finally, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

1. Failure to Challenge Prior State Conviction

In his response to the Government's Motion for Summary Judgment, Petitioner complains that his trial counsel did appear to have researched the issue of whether one of his prior drug offenses could support his status as a career offender. Petitioner expresses concern that his counsel did not detail when he investigated the prior offense and when he obtained a copy of the state court indictment which is attached as Exhibit A to his counsel's affidavit. Specifically, Petitioner asks: "When did the attorney obtain that, because he sure did not have it back when he was representing the petitioner as a defendant and where it was crucial." (Doc. No. 10: Response at 3). However, the evidence in the record shows that Petitioner's counsel discussed the prior conviction and determined that it qualified as a predicate crime. (Doc. No. 6: Exhibit 1). Petitioner has not shown that the outcome of the proceeding would have different or that the result was fundamentally unfair. Therefore, this issue lacks merit.

2. Suppression and Right to Testify

Finally, Petitioner claims his counsel failed to advise him that he had the right to testify on his own behalf at a possible suppression hearing and that his testimony could have proven the officers' actions were illegal. (Doc. No. 1-1: Memorandum at 6-7). As with the claim above, the evidence in the record contradicts Petitioner's claim and he has not shown the outcome would have been different but for counsel's alleged errors.

In examining the transcript from the Plea and Rule 11 hearing and the Acceptance and Entry of Plea form, it is clear that that Petitioner was informed in open court of his right to plead not guilty, to have a speedy trial, and to summon witnesses to testify on his behalf and to confront any witnesses offering evidence against him. (Case No. 3:07-cr-45, Doc. No. 26: Plea Hr'g Tr. at 11; Doc. No. 14: Acceptance and Entry of Guilty Plea). Further, the magistrate judge informed Petitioner that if he elected to contest the charges and plead not guilty, that he would be entitled to counsel and that he would not be required to testify and he would be presumed innocent, with the Government having the burden of proving his guilt beyond a reasonable doubt. (Id.). Before this Court, Petitioner affirmed that his responses to the magistrate judge were true and that he would not change any of has answers. (Id., Doc. No. 24: Sent. Hr'g Tr. at 2-3). Thus, because Petitioner was clearly informed he could not be compelled to testify, he would have known that he could choose to testify on his own behalf. (Doc. No. 26: Transcript of Plea and Rule 11 hearing at 11). His assertion that his testimony would have established a constitutional violation by the officers is pure speculation and insufficient to establish ineffective assistance by counsel.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, (Doc. No. 7), and Petitioner's Motion for Summary Judgment is **DENIED**. (Doc. No. 14).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge