UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-337-RJC
(3:07-cr-45-RJC-1)

| ANTHONY EUGENE BOYD, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) **AMENDED ORDER**[1] |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court Petitioner's third attempt to attack his sentence under 28 U.S.C. § 2255. (Doc. No. 1).

On March 22, 2013, the Court denied Petitioner's first § 2255 motion, which included a claim that his counsel should have challenged his career offender designation. (Case. No. 3:10-cv-213, Doc. No. 18: Order). The Court recently denied his second attempt, which claimed he is not a career offender in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Case No. 3:12-cv-507, Doc. No. 4: Order). In the instant motion, filed on June 20, 2014, Petitioner claims he is not a career offender in light of Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. No. 1).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in

---

[1] This Order amends the Order issued on August 18, 2015, (Doc. No. 44), which was intended to resolve Petitioner's other § 2255 case, (Case No. 3:12-cv-507), but was docketed in this case based on a typographical mistake.

1

Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner contends that he should be able to proceed with the present motion because it was filed within one year of the date the Supreme Court filed its opinion in Descamps, which he contends recognized a new right made retroactively applicable to cases on collateral review. (Doc. No. 1: Motion at 4, 12). However, there is no mention in the instant motion that Petitioner first secured the necessary authorization from the Fourth Circuit to file a successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Additionally, the Supreme Court has not made Descamps retroactive to cases on collateral review. See Abney v. Warden, No. 15–10088, 2015 WL 4546193, at *3-4 (11th Cir. July 29, 2015).

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a

petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

Signed: August 31, 2015

Robert J. Conrad, Jr.
United States District Judge

3