UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-163-RJC
(3:07-cr-45-RJC-1)

| | |
|---|---|
| ANTHONY EUGENE BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to possession with intent to distribute marijuana, Ecstasy, cocaine, and cocaine base, and possession of a firearm during and in relation to a drug trafficking crime. (3:07-cr-45, Doc. Nos. 13, 14). He was sentenced to a total of 255 months' imprisonment. (3:07-cr-45, Doc. No. 18). The Fourth Circuit Court of Appeals affirmed, United States v. Boyd, 332 Fed. Appx. 890 (4th Cir. 2009), and the United States Supreme Court denied certiorari, Boyd v. United States, 558 U.S. 976 (2009).

Petitioner filed a § 2255 Motion to Vacate, case number 3:10-cv-213, that the Court denied on the merits. Boyd v. United States, 2013 WL 1190701 (W.D.N.C. March 22, 2013). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Boyd, 540 Fed. Appx. 174 (4th Cir. 2013). The United States Supreme Court denied certiorari. Boyd v. United States, 134 S.Ct. 1775 (2014).

1

Petitioner filed a second § 2255 Motion to Vacate, case number 3:12-cv-507, that the Court construed as a motion to amend his original § 2255 petition. Petitioner's new claim was time-barred, however, so the motion to amend was denied as futile. Boyd v. United States, 2015 WL 5113274 (W.D.N.C. Aug. 31, 2015).

Petitioner filed a third § 2255 Motion to Vacate that the Court dismissed as an unauthorized second or successive petition, case number 3:14-cv-337. (3:14-cv-337, Doc. No. 4).

On March 26, 2018, Petitioner filed his fourth § 2255 Motion to Vacate in the instant case. He argues that his conviction and sentence under 18 U.S.C. § 924(c) are invalid pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), and Dean v. United States, 137 S.Ct. 1170 (2017).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Presently before the Court is Petitioner's fourth § 2255 Motion to Vacate. He has previously filed a § 2255 petition that was resolved on the merits. Petitioner has not obtained leave from the Fourth Circuit to file the instant § 2255 Motion to Vacate[1] and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

---

[1] Petitioner has sought, and been denied, leave to file a second or successive § 2255 Motion to Vacate on at least five occasions, Fourth Circuit case numbers 14-345, 16-682, 16-9002, 16-9717, and 17-298.

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 15, 2018

Robert J. Conrad, Jr.
United States District Judge